(10 Misc. Rep. 341.)

### CURTIS v. MOORE et al.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. MORTGAGES—MERGER—RIGHTS OF ASSIGNEE.
   As against an assignee of a mortgage, a subsequent conveyance by mortgagor to mortgagee operates no merger of the mortgage.

2. SAME—RECORD OF ASSIGNMENT.
   A record of the assignment of a mortgage is not necessary for the protection of the assignee, as against a purchaser of the mortgaged property.

(Syllabus by the Court.)

Appeal from equity term.

Action by De Witt Curtis against J. Charles Moore and another to foreclose a mortgage. Judgment was rendered for plaintiff, and defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Durnin & Hendrick, for appellants.
Robert L. Harrison, for respondent.

PRYOR, J. In a suit for foreclosure, these are the facts: On the 19th of October, 1885, Edward S. Curtis conveyed the property to Armstrong, who gave back a mortgage as security for a note of $2,000. The mortgage was recorded November 24, 1885. On the 29th of March, 1886, Curtis assigned the note and mortgage to the plaintiff as security for a loan of $500. Kellogg v. Smith, 26 N. Y. 18, 20. On the 20th day of May, 1886, Curtis got another $500 from plaintiff on the same security, and on the 25th of August, 1886, still another $500. On the 7th of February, 1887, Armstrong conveyed the property to Curtis by deed recorded 5th March, 1887; and on February 23, 1891, Curtis conveyed to defendant Moore by deed recorded April 11, 1891.

For reversal of the judgment of foreclosure, Moore urges two defenses to the action—First, that he is a bona fide purchaser without notice; and, secondly, that the reconveyance to Curtis operated a merger of the mortgage. Neither position is tenable. The record of the mortgage was of itself notice to the purchaser, and the omission to record the assignment to plaintiff was available only in behalf of a subsequent assignee of the mortgage. In whosesoever hands, the mortgage, without record of its assignment, was valid and effectual against a purchaser of the premises. Nor was there any merger of the mortgage, for the obvious and sufficient reason that the two estates were never united in the same person. Before the reconveyance to Curtis, he had already transferred his mortgage interest to the plaintiff. Upon both of these propositions, Purdy v. Huntington, 42 N. Y. 334, and Miller v. Lindsey, 19 Hun, 207, are explicit and conclusive adjudications. Argument in support of a point adjudged by the highest authority would be an impertinence.

The appellant affirms error of the refusal by the referee to admit evidence of the deed of Armstrong to Curtis, and of the agreement between them. Obviously, such deed and agreement could be of no effect upon plaintiff's right. What signifies it that, as between Armstrong and Curtis, the former had no beneficial interest in the property? The plaintiff, at all events, will be protected in a mortgage executed by the trustee, and assigned for value by the cestui que trust. So, too, in rejecting the judgment roll in Haskell v. Curtis, the referee was clearly in the right, for in no aspect was that record competent or material evidence against the plaintiff. The defendant Moore took the conveyance from Curtis with legal notice of the mortgage on the property, and without inquiry whether the lien had been extinguished, or was still outstanding in the hands of an assignee. As against the plaintiff, a bona fide transferee for

value of the mortgage, he plainly has no defense to its foreclosure. The case was well decided by the learned referee, and the judgment is affirmed, with costs.   All concur.